*In re* PETITION OF BENJAMIN R. LEE, *et. al.*, to change the course of a PUBLIC ROAD IN PENCADER HUNDRED.

*Public Roads—Commissioners—Suitable Persons—Freeholders, Not Required—Return ; Objections to—Confirmation.*

1. The "suitable persons" commonly known as road commissioners are not required to be freeholders.

2. What is a sufficient statement or description in the return of the place of beginning and of the termini of a public road.

3. In a case of changing the course of a public road, the law does not require that the return shall set out "that portion of the costs the persons who enclose the vacated public road ought to pay, respectively."

(*October 3, 1903.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Edward W. Cooch* for petitioners.

*Lilburne Chandler* for exceptants.

Court of General Sessions, New Castle County, September Term, 1903.

A petition was filed by Benjamin R. Lee and others, at this term, to change the course of a public road in Pencader Hundred. Said petition set out, *inter alia*, the following facts:

"That there is need of a change, in a part of a public road in said Pencader Hundred for the convenience of the general public, said public road leading from Newark to Delaware City. The change needed being that part of the said public road beginning *at or near* where it crosses the right-of-way of the Newark and Delaware City branch of the Philadelphia, Baltimore and Washington Railroad Company *at or near* what is commonly known and designated as Dayett Station ; said public road continuing in a southeasterly direction on the easterly side of the said right-of-way of

said railroad company until it reaches a point *at or near* where the said public road again crosses the right-of-way of the said railroad company *at or near* what is commonly known and designated as Kenney Station. The object of the above change being to lay out the public road on the westerly side of the said right-of-way of the said railroad company, thereby making the public road safer, shorter and better."

\* \* \* \* \* \* \* \* \* \*

The return of the commissioners followed the description of the road as given in the above petition.

Joseph P. Nichols, one of the owners of the land affected by vacating and changing said public road, filed and relied upon the following objections to the record and return :

"No. 4.—That Morris D. Crossan, one of the persons named to lay out and change said public road described in said petition is not a suitable person to act as one of said commissioners, he being unacquainted with the locality, and being a resident of Wilmington Hundred, and was not and is not a freeholder.

"No. 5.—That the petition fails to describe with reasonable precision, the termini of said public road.

"No. 6.—That the petition fails to describe with reasonable precision, the place of beginning of said change in said public road.

\* \* \* \* \* \* \* \* \* \*

"No. 8.—That the return fails to state what portion of the costs the persons who enclose the vacated public road ought to pay, respectively, and the same is not set out in the return, as by law required."

*Cooch, for petitioners :*—I move that the above objections to the return of the commissioners be quashed and set aside, and that the return be confirmed for the following reasons :

That the objections do not ask that the return be quashed, nor is an application for review contained therein, and none has been filed within six days after the return to the order as required by law.

*Rev. Code, Chap. 60, Sec. 7 ; Rule II, Sec. 2, Rules of Court Gen. Sessions.*

That the said objections fail to allege any injury or damage to the said Joseph P. Nichols, or how he is interested in, or affected by said return.

*Rev. Code, Chap. 60, Sec. 7.*

That the said Joseph P. Nichols has failed to pay the costs of the proceedings immediately preceding the filing of his said objections as required by law.

*Rev. Code, Chap. 60, Sec. 10.*

That the said objections are not supported by affidavit, other than that of the said Joseph P. Nichols, the party by whom the objections are made.

*Rule II, Sec. 2, Rules of Court Gen. Sessions.*

That the said *new* road, as laid out by the commissioners, does not pass through or along the land owned by the said John P. Nichols as appears by the proceedings. He is not, therefore, interested in, or affected thereby.

When the grounds of the exceptions are not sustained, the Court will overrule the exceptions and confirm the return.

*Hickman's Case, 4 Harr., 580.*

Award of referees should stand unless it is so wilfully or grossly wrong as to shock the Court.

*Bailey vs. England, 1 Pennewill, 12.*

The objections are answered, according to number, as follows :

No. 4.—Is insufficient in law and untrue in fact. It is insufficient in law, as no requirement is made nor does the law contemplate, that commissioners or "road jurors" shall be freeholders. The requirement being that the commissioners shall be "suitable persons." The law refers to them by such titles as "five suitable persons," "persons," "road jurors," "commissioners," etc., *not* as "freeholders." It is untrue in fact as the said Morris D. Crossan being engaged in real estate business, is familiar with the value of farming land, is acquainted with this locality and the dangers of

the railroad crossings sought to be avoided by the proposed change and is in other regards a "suitable person."

*Rev. Code, Chap. 60, Secs. 5, 6, 10 ; Vol. 21, Laws Del., Chaps. 259, 260 ; Long Point Road, 5 Harr., 152.*

LORE, C. J.:—The Court hold that the fourth objection is insufficient.

*Mr. Cooch :*—Nos. 5 and 6.—The petition sets out with reasonable precision the termini and place of beginning of said change in said public road. The objection should have been made before the petition was approved and the commissioners were appointed, and, therefore, cannot be considered at this time.

LORE, C. J. :—We think the place of beginning and also the termini of the public road are described with sufficient particularity in the petition and return.

*Mr. Cooch :*—No. 8.—The law does not require that the return shall set out "what portion of the costs the persons who enclose the vacated public road ought to pay respectively," when the order is made on a petition for *changing the course* of a public road, but only on an order for *vacating* a public road. The return for a change being merely that the commissioners "shall determine what part of the old road shall be vacated on opening the new, and who shall enclose the same."

The return sets out the names of those who shall enclose the vacated portion of the old road being those who own land through and along which it passes. The land given them for the costs of enclosing the part adjoining their respective properties. The return follows the wording of the order and of the law.

*Laws Del., Vol. 21, Chap. 259.*

LORE, C. J.:—We overrule objection No. 8. The return is confirmed.